UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOUNTAIN LAKES HOUSE OF PRAYER,

Plaintiff,

v.

GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY,

Defendant.

No. 2:18-cv-03200-MCE-DB

**MEMORANDUM AND ORDER**

By way of this action, Plaintiff Mountain Lakes House of Prayer ("Plaintiff") seeks to recover under an insurance policy issued by Defendant Guideone Specialty Mutual Insurance Company ("Defendant") with regard to losses sustained from a fire occurring in approximately June 2014. Plaintiff originally initiated this action in Shasta County Superior Court, and it was thereafter removed to this Court. Presently before the Court are a Motion to Dismiss (ECF No. 3) filed by Defendant and a Motion to Remand (ECF No. 8) filed by Plaintiff. For the following reasons, the Court declines to remand this case and GRANTS Defendant's Motion with leave to amend.[1]

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

1

**ANALYSIS**

**A. Motion to Remand**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

Defendant removed this action based on the Court's diversity jurisdiction and the only dispute underlying the remand motion is whether the parties are sufficiently diverse. According to the First Amended Complaint ("FAC"), Plaintiff "was, and is, a local congregation of the Church of God of Cleveland, Tennessee, and is an unincorporated association of individuals, residing and worshiping in Shasta County." FAC, ECF No. 1-4 at ¶ 1. Since Defendant is a citizen of Iowa, it alleges in its removal notice that complete diversity exits. Plaintiff contends, however, that "Plaintiff . . . is not a separate entity but part of the Church of God which is a hierarchical religious organization with members which are citizens of Iowa." Mot. to Remand, ECF No. 6-1, at 1. Plaintiff thus proffers that "the relevant entity is not [Plaintiff] but the Church of God which has members in all 50 states." Id. at 2.

Plaintiff's argument fails in that it ignores the allegations in its own pleading. Neither the Church of God nor any other affiliated entity is a party to this suit, and the citizenship of any such non-party is simply irrelevant. Moreover, even if establishing the citizenship of the Church of God itself could somehow bolster Plaintiff's position, the only such entities registered in Tennessee are Tennessee <u>corporations</u>, which means the citizenship inquiry stops there. The location of any members of the Church or other congregations is immaterial. Plaintiff's Motion to Remand is DENIED.

**B.     Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672. A court granting a motion to dismiss a complaint must then decide whether to grant

leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

      The fire underlying the parties' dispute occurred in June 2014, and Defendant denied Plaintiff's insurance claim in August of that year.  This case was filed in state court four years later in August 2018.  All of Plaintiff's causes of action would therefore appear to be barred by either a two-year contractual limitations period or a two-year statute of limitations, both of which had already run approximately two years prior to Plaintiff initiating this action. First, both of Plaintiff's causes of action for breach of contract and breach of the implied covenant are barred by a contractual limitations period included in the relevant insurance policy.  See Harrington Decl., ¶ 2, Ex. A, at 1594 (no suit permitted unless "[t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred").  In addition, Plaintiff's breach of implied covenant claim is separately barred by a statutory time limit.  See Cal. Code Civ. Proc. § 339(2); Richardson v. Allstate Ins. Co., 117 Cal. App. 3d 8, 13 (1981) ("[A] tort action against an insurer for bad faith is subject to the two-year limitations period

///

5

of section 339, subdivision 1."). Absent some significant tolling or estoppel, then, Plaintiff's claims must be dismissed.

Plaintiff's FAC, however, includes insufficient facts to indicate that principles of either tolling or estoppel apply to the present matter. More specifically, the FAC indicates only that "[Defendant] is estopped to assert a limitations defense because Exhibit 2 did not comply with California law and provide required notice [of the applicable contractual time limits]." FAC at ¶ 17. Plaintiff is correct that California requires disclosure by an insurer "to a first party claimant or beneficiary, all benefits, coverage, <u>time limits</u> or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." 10 Cal. Code Regs. § 2695.4(a) (emphasis added). But Plaintiff's only complaint is that Defendant did not notify it of the applicable time limit in the claim <u>denial</u> letter. Notably, Plaintiff does not allege that Defendant failed to advise it of the limitations period in any other correspondence. Absent such an allegation Plaintiff's estoppel argument fails.[2]

The Court has significant doubts that Plaintiff can make such an allegation, given the evidence submitted by Defendant in support of its Motion to Dismiss. <u>See</u> Harrington Decl., ¶ 5, Ex. B (June 9, 2014, letter from Defendant advising Plaintiff of the two-year contractual limitations period). It need not consider Defendant's evidence in resolving the instant motion, however, because, as already indicated, the FAC itself is lacking. Let it nonetheless be made abundantly clear that the Court does not look favorably on Plaintiff omitting this very material allegation from the FAC or in arguing so vehemently that the damning document should not be considered incorporated within the FAC. By pursuing the line of reasoning that Defendant's letter should be ignored since Plaintiff did not reference the document in the FAC, Plaintiff essentially asks the Court to sanction a procedure by which a pleading party can survive a Rule 12(b)(6) motion as long as the party is willing to lie to the Court by omission. Plaintiff is dangerously close to forcing the

---

[2] To the extent Plaintiff contends any such notice is required to be included in a denial letter as opposed to some other communication, that argument is rejected as contrary to the plain language of the statute and unsupported by the case law.

6

Court to invoke Rule 11 and is admonished that any such conduct going forward will result in the imposition of sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF Nos. 6, 8) is DENIED, and Defendant's Motion to Dismiss (ECF No. 3) is GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, this case will be dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 25, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE